| | UNITED STATES DISTRICT COURT |
|---|---|
| | DISTRICT OF PUERTO RICO |

| | | |
|---|---|---|
| GREENPACK OF PUERTO RICO, INC., | | |
| Plaintiff, | | Civil No. 11-1287 (JAF) |
| v. | | |
| AMERICAN PRESIDENT LINES, | | |
| Defendant. | | |

**O R D E R**

On February 3, 2011, Plaintiff filed the instant suit in the Court of First Instance, San Juan Superior Court, alleging breach of contract. (Docket No. 1-2 at 2, 6–10.) The claim arose out of Defendant's transportation of perishable goods from Costa Rica to Puerto Rico for Plaintiff. (Id. at 6.) Due to transportation delays, the goods were not fit for sale upon arrival in Puerto Rico. (Id. at 7–10.) All losses allegedly took place on or before November 20, 2009, when the last of the goods were inspected by the Puerto Rico Department of Agriculture. (Id.)

On March 23, 2011, Defendant removed the action to this court, claiming federal-question and diversity jurisdiction. (Docket No. 1.) Defendant now moves for dismissal or judgment on the pleadings, arguing that all claims are time barred. (Docket No. 11.) According to Defendant, this shipment was governed by the U.S. Carriage of Goods Act ("COGSA"), 46 U.S.C. §§ 30701–30707, and therefore all claims arising therefrom are subject to a one-year statute of limitations that is "not susceptible to extrajudicial tolling or interruption." (Id. at 4.)

Plaintiff opposes Defendant's motion, arguing that the Act of February 13, 1893 ("Harter Act"), ch. 105, 27 Stat. 445,[1] rather than COGSA, governs liability arising from this shipment. (Docket No. 16 at 8–9.) In contrast to COGSA's one-year statute of limitations, claims governed by the Harter Act may be filed within a "reasonable time" after the discharge of the goods. See, e.g., Ins. Co. of N. Am. v. P.R. Marine Mgmt., Inc., 768 F.2d 470, 473 (1st Cir. 1985). According to Plaintiff, COGSA governs only losses that occur while goods are onboard the ship; the losses at issue here, Plaintiff argues, occurred while the goods were in Defendant's custody but before they were loaded on the ship. (Docket No. 16 at 8–9.)

Defendant replies, explaining that the bills of lading at issue in this case extended COGSA's coverage to the period before loading and after discharge. (Docket No. 20 at 2.) Defendant points to the "Paramount Clause" from one of the bills of lading, which states that "[p]rior to loading onto the Vessel and after discharge from the Vessel . . . the Carrier's liability shall be governed under the Hague Rules;" the clause earlier explicitly includes COGSA within the Hague Rules. (Docket No. 20-1 at 6–7.) Defendant further explains that it is common practice for parties to contractually expand COGSA's coverage.[2] (Docket No. 20 at 2.) Plaintiff

---

[1] The Ninth Circuit explained that "Congress recodified both COGSA and the Harter Act on October 6, 2006 at 46 U.S.C. § 30701 historical and statutory notes." Starrag v. Maersk, Inc., 486 F.3d 607, 610 n.1 (9th Cir. 2007) (citing Act of October 6, 2006, Pub. L. No. 109-304, 120 Stat. 1485).

[2] It has long been established in this district that parties may contractually expand COGSA's coverage to the period before loading and after discharge—where the Harter Act otherwise would apply. See, e.g., Firestone Tire & Rubber Co. v. Almacenes Miramar, Inc., 452 F. Supp. 670, 671 (D.P.R. 1978) (citing Santiago v. Sea-Land Serv., Inc., 366 F. Supp. 1309 (D.P.R. 1973); Fireman's Ins. Co. v. Gulf P.R. Lines, Inc., 349 F. Supp. 952 (D.P.R. 1972); Puerto Rico v. Sea-Land Serv., Inc., 349 F. Supp. 964 (D.P.R. 1970)) (applying COGSA's one-year statute of limitations where coverage had been contractually expanded).

Civil No. 11-1287 (JAF)                                                                                                       -3-

responds, arguing that the paramount clause incorporated "only the liability provision" of COGSA and not its statute of limitations. (Docket No. 25 at 2.)

Under Federal Rule of Civil Procedure 12(b)(6) or 12(c), a defendant may move to dismiss an action, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993). We grant a motion to dismiss based on a statute of limitations defense where "the pleader's allegations leave no doubt that an asserted claim is time-barred." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998). In resolving such a motion, we may consider documents whose authenticity is not disputed by the parties, that are central to a plaintiff's claims, or that are sufficiently referred to in the complaint. Curran v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007).

Whether the claims at issue are barred by a one-year statute of limitations hinges on whether the bills of lading incorporate "only the liability provision" of COGSA or also its statute of limitations. COGSA states, in relevant part, that "the carrier and the ship shall be discharged from all liability in respect of the loss or damage unless suit is brought within one year after delivery of the goods." 46 U.S.C. § 30701 note (2006) (COGSA § 3(6)). Though Plaintiff argues, in essence, that this rule limiting liability is not a COGSA liability provision, it provides no basis for that distinction. (Docket No. 25 at 2.) As we discern none, we reject Plaintiff's argument. We find that Plaintiff's claims are subject to a one-year statute of limitations. Because Plaintiff filed its complaint more than one year after the transaction at issue, its claims are time barred.

Civil No. 11-1287 (JAF)                                                                                           -4-

Given the foregoing, we hereby **GRANT** Defendant's motion to dismiss (Docket No. 11).

We **DISMISS** Plaintiff's complaint in its entirety (Docket No. 1-2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 10th day of August, 2011.

                                                         s/José Antonio Fusté
                                                         JOSE ANTONIO FUSTE
                                                         U.S. District Judge